UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

YESSENIA GONZALEZ,

    Plaintiff

    v.

BIOCOLLECTIONS WORLDWIDE, INC.,
a Florida corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, YESSENIA GONZALEZ ("Plaintiff" or "Ms. Gonzalez"), files her Complaint for Damages and Demand for Jury Trial against Defendant, BIOCOLLECTIONS WORLDWIDE, INC. ("Biocollections" or "Defendant"), for unlawfully discriminating against Plaintiff and wrongfully terminating her employment based upon her disability and request for reasonable accommodations, and alleges the following:

### INTRODUCTION

1. This is an employment discrimination action brought by Plaintiff, YESSENIA GONZALEZ, a United States Military Veteran and disabled individual whom Defendant discriminated against and terminated just days after learning that Ms. Gonzalez was diagnosed with cancer for the third time in her life.

2. Ms. Gonzalez brings this action pursuant to the Americans with Disabilities Act, as amended, *42 U.S.C. § 12101 et seq.*, and the Florida Civil Rights Act, *Fla. Stat. § 760.01 et. seq.* ("FCRA") to recover unpaid wages, damages, injunctive relief, and attorneys' fees and costs.

3. On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter "ADA"), and specifically found, *inter alia,* that:

(i) Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) Historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) Discrimination against individuals with disabilities persists in such critical areas of employment;

(iv) The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

*42 U.S.C. § 12101(a)(1)-(3), (5), and (9).*

4. Congress explicitly set forth the purpose of the ADA; to wit:

(i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) Provide strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

(iii) Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

*42 U.S.C. §§ 12101(b)(1)(2)* and *(4).*

## **PARTIES, JURISDICTION, AND VENUE**

5. Plaintiff is a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris.*

6. At all times material hereto, Defendant was a Florida for-profit corporation which employed fifteen (15) or more people, making Defendant an "employer" as that term is defined by 42 U.S.C. § 12111(5)(a) and Fla. Stat. § 760.02 (7).

7. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, where Defendant maintains its principal business address.

8. Jurisdiction is proper within the Southern District of Florida pursuant to *28 U.S.C. §§ 1331* and *1337*.

9. Supplemental jurisdiction over state claims arising under the Florida Civil Rights Act is properly before this Court pursuant to *28 U.S.C. § 1367*.

10. Venue is proper within the Southern District of Florida pursuant to *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

11. Plaintiff, Ms. Gonzalez, is a cancer survivor.

12. In July of 1993, when Ms. Gonzalez was only 18 years old and serving in the United States Military, she was diagnosed with late-stage Hodgkin's Lymphoma - a severe form of cancer.

13. Ms. Gonzalez was medically discharged from the Military after receiving her diagnosis and ultimately survived (however with long-lasting and debilitating effects).

14. After going into remission, Ms. Gonzalez was diagnosed with Hodgkin's Lymphoma cancer for the second time in or around January 1997.

15. Ms. Gonzalez was treated, in part, with aggressive radiation to treat her cancer in both 1995 and 1997.

3

16. Because of her exposure to the radiation, Ms. Gonzalez suffered from severe and long-term side effects. These side effects include, but are not limited to, lymphatic disorders and severe thyroid and hormone disorders which substantially limit one or more major life functions.

17. Indeed, in or around July 2000, Ms. Gonzalez' thyroid stopped functioning because of her radiation treatment.

18. Although Ms. Gonzalez survived cancer, Ms. Gonzalez' course of treatment for her previous bouts of cancer rendered her permanently disabled.

19. At all times material hereto, Ms. Gonzalez's lymphatic functions were substantially limited and/or not functioning as a result of her disabilities and previous cancer treatment.

20. At all times material hereto, Ms. Gonzalez was immunocompromised because of her previous cancer and experimental cancer treatments.[1]

21. At all times material hereto, Ms. Gonzalez suffered from a history of cancer and had a record of substantial impairment, as defined by the ADA and its practice and compliance manuals, regulations and other agency materials.

## **PLAINTIFF'S EMPLOYMENT PERIOD AND TERMIANTION**

22. Defendant hired Ms. Gonzalez as a staff accountant on November 29, 2021.

23. Ms. Gonzalez' immediate supervisor was Defendant's Chief Financial Officer ("CFO").

24. During her employment period with Defendant, Ms. Gonzalez performed her job successfully and was never disciplined or reprimanded.

---

[1] Ms. Gonzalez was part of a clinical trial when she was first diagnosed with Cancer in 1995 and was the only participant that survived the clinical trial.

25. Because Ms. Gonzalez has a history of cancer and one or more major life functions are compromised, she advised Defendant that she was a cancer survivor during her initial job interview.

26. On or about January 20, 2022, Ms. Gonzalez was diagnosed with breast cancer. This was Ms. Gonzalez' third cancer diagnosis.

27. On Friday, January 21, 2022, Ms. Gonzalez advised Defendant's CFO and Assistant Controller of her breast cancer diagnosis through written correspondence.

28. Upon information and belief, either Defendant's CFO or Controller shared Ms. Gonzalez' email regarding her cancer diagnosis with Defendant's owner, Sixto Pacheco ("Pacheco").

29. Later that day, on January 21, 2022, Ms. Gonzalez met with Defendant's Assistant Controller to discuss her diagnosis and potential need for reasonable accommodations.

30. Ms. Gonzalez worked over the weekend on or about January 22 and January 23.

31. On Monday, January 24, 2022, Ms. Gonzalez had a meeting with Defendant's owner, Defendant's CFO and Defendant's Assistant Controller to discuss her diagnosis and need for reasonable accommodations.

32. At the January 24, 2022 meeting, Ms. Gonzalez requested reasonable accommodations and advised Defendant that she needed chemotherapy and surgical operations to remove her left breast and thyroid as part of her long-term and aggressive cancer treatment.

33. Ms. Gonzalez requested a slightly reduced work schedule and advised Defendant that she could guarantee 20-32 hours of work per week instead of her normal work schedule of 32-40 hours of work per week.

34. Defendant was aware of Ms. Gonzalez' medical condition and diagnoses and immediately perceived Ms. Gonzalez as disabled.

35. Upon receiving Ms. Gonzalez' request for reasonable accommodations at the January 24, 2022 meeting, Defendant told Ms. Gonzalez that she was fired unless she could guarantee at least 40-hours of work per week, **even though her current schedule required approximately 32-40 hours of work per week**.

36. Defendant refused to engage in the interactive process with Ms. Gonzalez to ascertain what, if any, accommodations Defendant could provide Ms. Gonzalez during her third battle with cancer. Instead, Defendant terminated Ms. Gonzalez' employment at the January 24, 2022 meeting and told Ms. Gonzalez she would be expected to train her successor.

37. Defendant wrongfully terminated Ms. Gonzalez on January 24, 2022 because of her disability or perceived disability.

38. Defendant wrongfully terminated Ms. Gonzalez on January 24, 2022 in retaliation of her request for reasonable accommodations.

39. Ms. Gonzalez suffered from a bona-fide disability when she requested reasonable accommodations on January 21, 2022 and January 24, 2022.

40. Defendant was aware of Ms. Gonzalez' bona-fide disability when it received Ms. Gonzalez' request for reasonable accommodations.

41. Ms. Gonzalez was capable of performing the essential functions of her job with reasonable accommodations when she was terminated on January 24, 2022.

42. Ms. Gonzalez exhausted her administrative claims against Defendant by timely dual filing a charge of discrimination with the Florida Commission on Human Relations and Equal

Employment Opportunity Commission, alleging discrimination and retaliation on the basis of her disability.

43. The Equal Employment Opportunity Commission issued Ms. Gonzalez her right to sue notice on February 15, 2022, providing Ms. Gonzalez with the right to bring a civil action against Defendant for failing to accommodate her and for retaliating against her after it learned that she was diagnosed with breast cancer.

44. Ms. Gonzalez has attempted to mitigate her damages.

## COUNT I – FAILURE TO ACCOMMODATE UNDER THE ADA
## 42 U.S.C. § 1281 et seq,

45. Ms. Gonzalez re-alleges and re-avers Paragraphs 1 through 44 as though fully set forth herein.

46. Ms. Gonzalez satisfied all conditions precedent prior to filing this lawsuit.

47. During all times material hereto, Ms. Gonzalez was disabled, and therefore she was a qualified individual under the ADA.

48. At all times material hereto, Defendant perceived Ms. Gonzalez as disabled.

49. At all times material hereto, Ms. Gonzalez suffered from a history of cancer and had a record of substantial impairment of one or more major life activities.

50. Defendant refused to engage in the interactive process and denied Ms. Gonzalez' request for reasonable accommodations because, according to Defendant, Ms. Gonzalez' job was reserved exclusively for an individual who could work 40 hours per week (**even though Ms. Gonzalez routinely worked only 32-40 hours per week**).

51. Defendant intentionally discriminated against Ms. Gonzalez under the Americans with Disabilities Act because of her disability and/or perceived disability.

52. Defendant unlawfully failed to provide Ms. Gonzalez with reasonable accommodations upon receiving her reasonable accommodations request and learning that she was diagnosed with breast cancer.

53. Defendant could have accommodated Ms. Gonzalez without causing undue hardship.

54. Ms. Gonzalez could have performed the essential functions of her job with reasonable accommodations.

55. As a result of Defendant's discriminatory conduct, Ms. Gonzalez suffered and will continue to suffer damages, and is entitled to an award of all relief available under the ADA, including lost wages, lost benefits, compensatory damages, punitive damages and attorney's fees and costs.

WHEREFORE, Plaintiff, YESSENIA GONZALEZ, demands judgment be entered in her favor against Defendant, BIOCOLLECTIONS WORLDWIDE, INC. for violations of the Americans with Disabilities Act, and seeks an award including, but not limited to: (a) injunctive relief against the Defendant, its agents and employees, and all other persons in active concert or participation with it, from discriminating against Ms. Gonzalez and similarly situated individuals to Ms. Gonzalez who have a disability; (b) compensatory and punitive damages; (c) back pay and front pay resulting from Defendant's discrimination and wrongful termination; (d) lost benefits; (e) reasonable attorney's fees and costs; and any other relief as this Court may deem just and appropriate under the circumstances.

## COUNT II – RETALIATION UNDER THE ADA
## 42 U.S.C. § 1281 et seq

56. Ms. Gonzalez re-alleges and re-avers Paragraphs 1 through 44 as though fully set forth herein.

57. Ms. Gonzalez was qualified for her position when Defendant fired her.

58. Ms. Gonzalez engaged in protected activity by requesting reasonable accommodations to treat her breast cancer.

59. On January 24, 2022, Defendant knew that Ms. Gonzalez was disabled, perceived her as disabled, refused to provide her with reasonable accommodations and terminated Ms. Gonzalez' employment.

60. Any other alleged reason for Defendant's wrongful termination of Ms. Gonzalez is pretextual and baseless.

61. Defendant fired Ms. Gonzalez because of her disability and/or perceived disability.

62. Defendant retaliated against Ms. Gonzalez because of her disability and/or perceived disability by terminating her without providing or considering reasonable accommodations.

63. Defendant could have accommodated Ms. Gonzalez without causing undue hardship.

64. Ms. Gonzalez suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, compensatory damages, and attorneys' fees and costs.

65. Defendant intentionally violated Ms. Gonzalez' rights under the ADA with malice or reckless indifference and, as a result, is liable for punitive damages.

WHEREFORE, Plaintiff, YESSENIA GONZALEZ, demands judgment be entered in her favor against Defendant, BIOCOLLECTIONS WORLDWIDE, INC. for violations of the Americans with Disabilities Act, and seeks an award including, but not limited to: (a) injunctive relief against the Defendant, its agents and employees, and all other persons in active concert or

participation with it, from discriminating against Ms. Gonzalez and similarly situated individuals to Ms. Gonzalez who have a disability; (b) compensatory and punitive damages; (c) back pay and front pay resulting from Defendant's discrimination and retaliation; (d) lost benefits; (e) reasonable attorney's fees and costs; and any other relief as this Court may deem just and appropriate under the circumstances.

## COUNT III - FAILURE TO ACCOMADATE UNDER THE FCRA
### Fla. Stat. § 760.10

66. Ms. Gonzalez hereby re-alleges and re-avers Paragraphs 1 through 44 as though fully set forth herein.

67. Ms. Gonzalez satisfied all necessary conditions precedent prior to filing this Lawsuit.

68. During all pertinent time periods alleged herein, Ms. Gonzalez suffered from a bona fide handicap as that term is defined by the Florida Civil Rights Act ("FCRA").

69. Defendant was aware that Ms. Gonzalez suffered from a history of cancer and had a record of substantial impairment.

70. Defendant perceived Ms. Gonzalez as handicapped when she requested reasonable accommodations.

71. Defendant refused to engage in the interactive process and denied Ms. Gonzalez' request for reasonable accommodations because, according to Defendant, Ms. Gonzalez' job was reserved exclusively for an individual who could work 40 hours per week, **(even though Ms. Gonzalez routinely worked 32-40 hours per week)**.

72. Defendant could have provided Ms. Gonzalez reasonable accommodations without causing an undue hardship.

73. Ms. Gonzalez could have performed her job with reasonable accommodations.

74. Defendant intentionally discriminated against Ms. Gonzalez under the Florida Civil Rights Act because of her handicap and/or perceived handicap.

75. As a result of Defendant's discriminatory conduct, Ms. Gonzalez suffered and will continue to suffer damages, and is entitled to an award of all relief available under the Florida Civil Rights Act, including lost wages, lost benefits, compensatory damages, and attorney's fees and costs.

76. Defendant intentionally violated Ms. Gonzalez' rights under the FCRA with malice or reckless indifference and, as a result, is liable for punitive damages.

WHEREFORE, Plaintiff, YESSENIA GONZALEZ, demands judgment be entered in her favor against Defendant, BIOCOLLECTIONS WORLDWIDE, INC. for violations of the Florida Civil Rights Act, and seeks an award including, but not limited to: (a) injunctive relief against the Defendant, its agents and employees, and all other persons in active concert or participation with it, from discriminating against Ms. Gonzalez and similarly situated individuals to Ms. Gonzalez who have a disability; (b) compensatory and punitive damages; (c) back pay and front pay resulting from Defendant's discrimination and wrongful termination; (d) lost benefits; (e) reasonable attorney's fees and costs; and any other relief as this Court may deem just and appropriate under the circumstances.

### COUNT IV – RETALIATION UNDER THE FCRA
### Fla. Stat. § 760.10

77. Ms. Gonzalez hereby re-alleges and re-avers Paragraphs 1 through 44 as though fully set forth herein.

78. Prior to the filing of this lawsuit, Ms. Gonzalez satisfied all conditions precedent required to file her Florida Civil Rights Claims.

79. Pursuant to the Florida Civil Rights Act of 1992:

> The general purposes of the Florida Civil Rights Act of 1992 are to secure for all individuals within the state freedom from discrimination because of race, color, religions, sex, pregnancy, national origin, age, **handicap**, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capabilities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

*Fla. Stat. § 760.01(2)* (emphasis added)

80. The Florida Civil Rights Act makes it unlawful for an employer to "**discharge** or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, **handicap**, or marital status." *Fla. Stat. § 760.10(1)(a)* (emphasis added).

81. "Handicap means: (a) A person has a physical or mental impairment which substantially limits one or more major life activities, or she has a record of having, or is regarded as having, such physical or mental impairment; or (b) A person has a developmental disability as defined in s. 393.063." Fla. Stat. § 760.22(7).

82. During all pertinent time periods alleged herein, Ms. Gonzalez suffered from a bona fide handicap as that term is defined by the Florida Civil Rights Act.

83. During all times material hereto, Defendant regarded Ms. Gonzalez as having a record of physical impairment because of her previous battles with cancer and continuous medical treatment.

84. Defendant intentionally discriminated against Ms. Gonzalez under the Florida Civil Rights Act because of her handicap.

85. In particular, Defendant refused to accommodate Ms. Gonzalez and ultimately fired her because of her handicap.

86. As a result of Defendant's discriminatory conduct, Ms. Gonzalez suffered and will continue to suffer damages, and is entitled to an award of all relief available under the Florida Civil Rights Act, including lost front and back wages, lost benefits, compensatory damages, and all attorney's fees and costs.

87. Defendant intentionally violated Ms. Gonzalez' rights under the FCRA with malice or reckless indifference and, as a result, is liable for punitive damages.

WHEREFORE, Plaintiff, YESSENIA GONZALEZ, respectfully requests that this Honorable Court enter judgment in her favor against Defendant, BIOCOLLECTIONS WORLDWIDE, INC, as follows: (a) injunctive relief against the Defendant, its agents and employees, and all other persons in active concert or participation with it, from discriminating against Ms. Gonzalez and similarly situated individuals to Ms. Gonzalez who have a disability or handicap; (b) compensatory damages to compensate Ms. Gonzalez for injuries resulting from such discrimination; (c) back pay and front pay resulting from Defendant's discrimination; (d) compensatory and consequential damages pursuant to Fla. Stat. § 760.50(6)(a)(3); (e) an award of punitive damages to prevent and deter future misconduct on the part of Defendant; and(f) reasonable attorney's fees and costs, and any other relief as this Court may deem just and appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, YESSENIA GONZALEZ hereby requests and demands a trial by jury on all appropriate claims set forth within this Complaint.

**Dated: March 4, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTIEN, ESQUIRE
Florida Bar No. 1017746
[jordan@jordanrichardspllc.com](mailto:jordan@jordanrichardspllc.com)
[jake@jordanrichardspllc.com](mailto:jake@jordanrichardspllc.com)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 4, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: